**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Raj K. Patel, | ) | Case No. 2:23-cv-05324-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kamala D. Harris; | ) | |
| Linda Thomas-Greenfield; | ) | |
| and Nikki Haley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Raj K. Patel ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Dkt. No. 1 at 3.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

The instant case is premised on purported "deprivations of [Plaintiff's] civil liberties" by United States Vice President Kamala D. Harris; United States Ambassador to the United Nations Linda Thomas-Greenfield; and former United States Ambassador to the United Nations Nikki Haley (collectively, "Defendants"). (Dkt. No. 1 at 3.) While Plaintiff's allegations are largely incoherent and nonsensical, the Complaint appears to seek a writ of mandamus directing Defendants to perform their "ministerial duties" and "sign a regular executive order to Plaintiff." (*Id.* at 3–4, 6.) The basis for the executive order is unclear, as the Complaint vacillates between

vague, confused discussions of religious persecution, property ownership, and some sort of

fictional political appointment. For example,

> Pundits and newspapers have put [Plaintiff] and his kin, who are religious minorities, on aware for expected particularized harm, from within or foreign socialist empires, for being religious minorities (descendants of a Hindu God), and an United States Congressional resolution speaks out against religious persecution in the Republic of India and it that creates a ministerial duty for the Executive and States to check, investigate, mitigate, and absolves damages within our own polity for the like purpose regardless of method and construct.
>
> [ . . . ]
>
> The complaint is ripe for the court to issue a regular partial opinion not only to restore [Plaintiff's] Ordered Liberty in order to defend and argue the complaint but also to strictly estop any carryover or reconstrued prosecution of moteliers for their corporate sovereignty, as [Plaintiff] is the heir apparent of at least (3) real estate buildings and land and a few houses in Indiana and New Jersey and Illinois. . . . The absence of evidence is sufficient for this persecution as no source can prove otherwise, and [Plaintiff] believes that his family is also latched with this stress technology. The motel and house in South Plainfield, NJ are owned by [Plaintiff's] father for who he is an unchanging heir apparent.
>
> [ . . . ]
>
> [Plaintiff's] parents are net monetary contributors to the United States Treasury; [Plaintiff] is also expected to a net monetary contributor to the United States Treasury. Ordered Liberty also applies for this independent reason from each of [Plaintiff's] Excellencies.
>
> The Union Constitution and the sister state constitutions are not ageist or ableists. Our trading partners also want T.E.E. [Plaintiff's] subjective self-image to govern, but for this peril, as many of them are T.E.'s, as expressed by treaties and embassy agreements. This causes a ministerial duty from executive agreements, contract-in-law, statutes, treaties, and the Constitution on all elected and appointment officials of the Seat of the United States, including this court's clerk and judges and the Defendants, to Take Care and administer without respects to person without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter.[1]

(*Id.* at 4–7.) In addition to the executive order, Plaintiff also seeks various monetary damages to

"repair [his] injuries," which apparently include "ongoing mental pain and suffering," and the

---

[1] Any misspellings or grammatical errors cited herein are part of the original filing.

restoration of a civil action he filed in the Southern District of Indiana in March 2020.[2] (*Id.* at 8–10.)

## **LEGAL STANDARD**

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions, such as "fantastic or delusional" scenarios, may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Neitzke*, 490 U.S. at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2]     According to court records, Plaintiff filed a civil action on March 9, 2020, against former United States President Donald Trump, former United States Vice President Michael Pence, United States Representative Nancy Pelosi, the University of Notre Dame Law School, Emory University, and other various parties. *See Patel v. Trump*, 1:20-cv-758-RLY-MJD (S.D.I.N. Apr. 14, 2020); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts). The case was dismissed as frivolous on April 14, 2020.

face.'" *See id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for all civil actions). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1276, 1278 (4th Cir. 1985) (noting that district judges "cannot be expected to construct full blown claims" on behalf of *pro se* litigants).

## DISCUSSION

Having reviewed Plaintiff's initial filings at length, the undersigned finds that this action is subject to summary dismissal for several reasons. At the outset, this Court is likely the wrong venue for Plaintiff's claims. Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court); *Rouse v. Nessel*, No. 8:20-cv-954-DCC-JDA, 2020 WL 6279198, at *8 (D.S.C. July 6, 2020) ("A court may raise the issue of defective venue *sua sponte*."), *adopted*, 2020 WL 4435189 (D.S.C. Aug. 3, 2020).

Notwithstanding the confused nature of Plaintiff's Complaint, none of the criteria under § 1391 seem to apply here. Indeed, while the initial filings do not contain service documents for any of the named Defendants, it is well established that the United States Mission to the United Nations is based in New York City, and the White House is located in Washington, D.C.—meaning, Defendants are not collective residents of the same state (or of South Carolina).[3] Moreover, although it is difficult to discern the purported events that led to the filing of this case, Plaintiff is a resident of Indianapolis, Indiana (Dkt. No. 1 at 2) and his "real estate buildings and land" are located in Indiana, New Jersey, and Illinois (*id.* at 5). Thus, any action or inaction taken by Defendants in their official capacities likely occurred outside the State of South Carolina, as did any injuries suffered by Plaintiff. In light of the above, it is difficult to imagine a logical set of

---

[3]    The court may take judicial notice of factual information located in postings on government websites. *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *see also* United States Mission to the United Nations, https://usun.usmission.gov/ (last visited November 6, 2023); The White House, https://www.whitehouse.gov/ (last visited November 6, 2023).

circumstances that would give this Court jurisdiction over Defendants in relation to this specific case.

Nevertheless, even if this Court was the appropriate venue to entertain Plaintiff's allegations, the Complaint is still subject to summary dismissal as frivolous and for failure to state a claim upon which relief may be granted. "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.,* No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted). Nor is the court required to "scour through" a plaintiff's filings "in an attempt to cobble together the facts" on his or her behalf. *Campbell v. StoneMor Partners, LP*, No. 3:17-cv-407, 2018 WL 3451390, at *4 (E.D. Va. July 17, 2018), *aff'd*, 752 F. App'x 166 (4th Cir. 2019); *see also Beaudett*, 775 F.2d at 1278 (explaining that federal courts are not required to serve as "mind readers" or advocates for *pro se* litigants when construing *pro se* pleadings).

Rather, a *pro se* plaintiff "must meet certain minimum standards of rationality and specificity" in filing a complaint. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). When a pleading is "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them," summary dismissal is appropriate. *Witherspoon v. Berry*, No. 9:13-cv-2942-MGL, 2015 WL 1790222, at *3 (D.S.C. Apr. 15, 2015); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting that a federal court lacks subject matter jurisdiction over a complaint raising claims "so insubstantial, implausible . . . or

otherwise completely devoid of merit as not to involve a federal controversy") (internal quotation marks and citations omitted).

Here, Plaintiff brings the instant case pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which provides for an implied damages remedy against federal officers for certain constitutional violations. (*See* Dkt. No. 1 at 3.) Beyond Plaintiff's bare references to the United States Constitution and his civil liberties, however, the Complaint does not contain any intelligible factual allegations that would state a constitutional violation, or any federal cause of action for that matter. Instead, Plaintiff presents a series of nonsensical statements and a laundry list of inapplicable case law, statutes, and other legal authorities (*i.e.*, the Religious Freedom Restoration Act; the International Covenant on Civil and Political Rights; the Paris Peace Treaty; the Tucker Act; and the United Nations Declaration of Independence) that make it virtually impossible to distill a cognizable constitutional claim from the pleading. (*See id.* at 3–9.) Moreover, assuming the undersigned's interpretation is correct—and Plaintiff is contending that he is somehow entitled to a personal executive order of sorts—the very premise of the Complaint defies common sense and gravely misconstrues the purpose of a true executive order, such that it would be futile to amend these allegations.[4]

Accordingly, the undersigned finds that the instant case plainly lacks any basis in law or fact and therefore cannot state an actionable claim under *Bivens*.[5] *See, e.g., Fox v. U.S. State Dep't*, No. 2:16-cv-185-RMG, 2016 WL 1046971, at *2 (D.S.C. Mar. 10, 2016) (summarily dismissing case for frivolousness and failure to state a claim where complaint's allegations were "largely incoherent and [could] be described as the 'the ramblings of a troubled mind'") (internal citations

---

[4]     Contrary to Plaintiff's suggestion, executive orders are "official documents . . . through which the President of the United States manages the operations of the Federal Government." United States Department of Justice, Executive Orders, https://bja.ojp.gov/program/it/privacy-civil-liberties/authorities/executive-orders (last visited November 6, 2023).

[5]     Insofar as Plaintiff is also attempting to raise a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), any such claims are subject to summary dismissal for the same reasons.

omitted), *dismissed*, 668 F. App'x 442 (4th Cir. 2016); *Clervrain v. McMaste*, No. 6:21-cv-21-SAL-KFM, 2021 WL 2582223, at *2 (D.S.C. Jan. 22, 2021) (summarily dismissing *pro se* case as frivolous because the court could "infer no plausible claims from Plaintiff's 203 pages of gibberish" and the complaint lacked "an arguable basis in law or fact"), *adopted*, 2021 WL 2582216 (D.S.C. June 23, 2021); *El v. Myers*, No. 0:19-cv-1280-BHH-PJG, 2019 WL 2615695, at *2 (D.S.C. June 3, 2019) (summarily dismissing *pro se* case where court was "unable to discern a cognizable legal claim" from plaintiff's "incoherent" allegations), *adopted*, 2019 WL 2612739 (D.S.C. June 26, 2019).

## CONCLUSION

Based on the above, the undersigned finds that Plaintiff cannot cure the deficiencies in his Complaint by amendment and therefore **RECOMMENDS** that the Court **DISMISS** this case without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 8, 2022
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).