IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities, <br><br> *Plaintiff* <br><br> v. <br><br> HARRIS et al., <br><br> *Defendants* | EMERGENCY <br><br> No. 2:23-cv-05324-DCN-MGB <br><br> Dated: November 11, 2023 |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE BAKER'S RECOMMENDATIONS

*Pro Se* Plaintiff T.E.,E. Mr. Raj K. Patel submits the following objection to the Magistrate Judge's report and recommendations at Dkt. 10, <u>Erickson v. Pardus</u>, 551 U.S. 89, 90 (2007):

1. The complaint should have read "Emergency."

2. Patel did not agree to a magistrate judge's review. U.S. const. amend. V.

3. Patel requested motion to file electronically via ECF or e-mail address to the clerk's office. Since *IFP* was approved by the Magistrate Judge at Dkt. 9, then the court should still grant filing electronic privileges per Dkt. 3 as a matter of due process to allow subsequent filings such as recommendations and potential court-advised objections to the Magistrate Judge. Dkts. 9 at 1 & 10 at 9.

4. Likewise, the Magistrate Judge to aid the order granting *IFP*, should have granted the ECF free-look privilege at Dkt. 4, so Patel saves PACER expenses. Dkt. 9 at 1. Furthermore, the court should grant Patel's new request to keep his PACER accounts open so prejudice can be prevented.

5. The Magistrate Judge is wrong about dismissing the case subject to venue. Dkt. 10 at 4. Venue rules are specific for defendant and relate to personal jurisdiction. All named defendants are subject to this federal court's general personal jurisdiction. The Supreme Court has noted that federal courts are not courts of limited territorial jurisdiction. 28 U.S.C. § 1346. All named Defendants are national officers of the United States. Id. Venue is proper here because Defendant Haley was Governor of this state. Id.

   a. The venue is not defective here. Dkt. 10 at 5.

   b. Therefore, the court should allow proceedings to continue here.

6. In addition, plaintiff may avail himself to this federal court from anywhere around the world; the plaintiff's right to sue competes against the defendant's right not to sue. U.S. const. art. IV, § 2.

   a. If the United States Government was not a defendant, then there would diversity subject-matter jurisdiction. See also Id., amend. XIV, § 1, cl. 2. Cf. Dkt. 10 at. 5.

   b. If the court finds that FTCA is present, then the injury is not of the type that transfer to S.D.I.N., which has a filing bar, is necessary. In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_) (two-year filing bar; set to expire in March 2024). Patel's due process rights to use this court's venue should prevail. U.S. const. amend. V.

7. Because IFP is granted and the named defendants are United States Governmental Officials (incumbent and otherwise), the clerk of court is responsible for issuing

- 2 -

and serving summons, after stamping them, even if the Fed. R. Civ. P. state otherwise for a non-pro se plaintiff. Nevertheless, Patel submitted summons waiting to be stamped and complaint not only to the clerk but also to Ms. Boroughs and Mr. Garland. This was done with electronic service too.

8. Patel is rational as exclaimed by the State of Mississippi Hinds County Circuit Court in No. 23-279 awarding Patel $4.6B in damages, which makes Patel at a newer, higher level in the Top 1%. Compl. & Dkt. 10 at 6. Loans may be taken off of this amount of default judgement, and the current peril is preventing Patel from doing as reason requires and preventing the flow of commerce. 42 U.S.C. § 1982. Therefore, the Magistrate Judge's report and recommendation so be vacated and the Magistrate Judge should have reported and recommended urgent resolution. See Compl. at 4 (citing U.S. const. art. VI, § 1 (referring to Paris Peace Treaty – Cong. Proclamation of Jan. 14, 1784)).

9. While the complaint is cringeworthy, it is not a novel or irregular matter for the court to entertain and liberate. United States v. Schurz, 102 U.S. 378 (1880). The court is asked to use its judicial and ministerial power explained by Chief Justice Marshall in Marbury v. Madison, 5 U.S. 137, 146 (1803) ("In this respect there is no difference between a judicial and a ministerial officer. From this principle alone the court of king's bench in England derives the power of issuing the writs of mandamus and prohibition."). Id. at 147 ("a command issuing in the king's name from the court of king's bench, and directed to any person, corporation or inferior court, requiring them to do some particular thing therein specified, which

appertains to their office and duty, and which the court has previously determined, or at least supposes, to be consonant to right and justice."). The powers and duties of The King, politicians, and knights who all carried swords has not evaporated. Comm. on Judiciary v. McGahn, 415 F. Supp. 3d 148, 212 (D.D.C. 2019) (Brown Jackson, J., op.) ("Indeed, the entire point of segregating the powers of a monarch into the three different branches of government was to give each branch certain authority that the others did not possess. Thus, while the branches might well be conceived of as co-equals (in the sense that one cannot unlawfully subvert the prerogatives of another), that does not mean that all three branches must be deemed to have the same powers."). The Constitution requires that ministerial duties must be performed by the State or the Government, under its construct of government for and by the people. Asante v. Cal. Dep't of Health Care Servs., 2016 WL 1427495 * 3-5 (N.D. Cal. Apr. 12, 2016) ("Mandamus is the proper remedy only where the act or duty is purely ministerial, and the act or duty is one that is clearly and plainly established or imposed by law. *A ministerial duty is one that is required to be performed in a prescribed manner under the mandate of legal authority without the exercise of discretion or judgment...Issuance of a writ of mandate* "'is not necessarily a matter of right, but lies rather in the discretion of the court, but where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, [the petitioner] is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would).

Police officers regularly perform these duties, as do judges who are bound by oath, 28 U.S.C. § 453, to impartially administer justice without respects to person, like their peers in the other branches. Hastings v. Judicial Conf. of United States, 593 F. Supp. 1371, 1379 (D.D.C. 1984) (Framers bifurcated the ministerial powers into the interdependent powers of three separate branches of government). Comm. on Judiciary, 415 F. Supp. 3d at 173, 177, & 186 (D.D.C. 2019) (Brown Jackson, J., op.) (citing Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635 (1952) (Jackson, J., concurring) ("While the Constitution diffuses power to better secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government. It enjoins upon its branches separateness but interdependence, autonomy but reciprocity."). This federal court has no reason to turn down any of its services in the interest of purportedly ideal categorization of cases and district sharing. Id. The security levels show that no ministerial actor or contracted-for act will suffer in aid of Plaintiff Patel. Id. The Constitution cannot wait and neither can Plaintiff Patel; Plaintiff T.E.,E. Patel does not need to play a game or learn trust or submit to nomenclature of an inferior titled person. Marbury, 5 U.S. at 163. The standing executive enforcement agreements are also mandatory for the named Defendants. Compl. at 10 n. 2. Overall, ministerial duties are analogous to the creation of duties for strict liability and negligence. See also U.S. const. amend. IX (rich (Indian-)Americans and the titled are free from color, race, and communal adversity). The complaint with referenced previous-case citations is sufficient.

10. All named United States Defendants, who are leaders of their courts and courtiers, 28 U.S.C. § 1651, had a ministerial duty akin to the judge at a bench trial to use the powers given to them against the inherently lawless perpetually present in society. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("Federal courts have a 'virtually unflagging obligation...to exercise the jurisdiction given them.'"). Marbury, 5 U.S. at 146. Talbot v. Jansen, 3 U.S. 133, 139, 160 & 162 (1795).

11. This court should not dismiss the matter because the complaint is well-pleaded and sufficient, and the magistrate judge's concerns are prejudicial and insufficient. Redmond v. Lexington Cnty. Sch. Dist. No. Four, 445 S.E.2d 441, 445 (1994) ("To obtain a writ of mandamus requiring the performance of an act, the applicant must show 1) a duty of respondent to perform the act, 2) the ministerial nature of the act, 3) the applicant's specific legal right for which discharge of the duty is necessary, and 4) a lack of any other legal remedy."). This matter before the public federal dockets has unequivocally gone on since 2018; Patel is constitutionally allowed to ask for the Protection of the State of South Carolina and even its federal courts. See e.g., Corfield v. Coryell (6 Fed. Cas. 546, no. 3,230 C.C.E.D.Pa. 1823) ("Protection of the government"). U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2. See also https://constitution.congress.gov/browse/essay/amdt14-S1-7-1-3/ALDE_00013034/ ("Nevertheless, as noted, the Court has confirmed that several traditional bases for exercising judicial power over a nonresident defendant continue to enjoy a presumption of constitutionality without requiring

an independent inquiry into the contacts among the defendant, the forum, and the litigation."). Marbury, 5 U.S. at 163.

12. Patel also premises his complaint on a Bounty Clause contract. U.S. const. amend. XIV, § 4. The court must follow its oath and exercise judicial restraint.

   a. Parties may enforce contracts, *res*, in this venue. 42 U.S.C. § 1981.

   b. Patel has Bounty Clause contract partners and any major transaction, like the Default Judgement, is subject to distribution to each of his 4 partners: one partner is 1/3 partner and the other three (3) have $40-67M each.

13. The court has the inherent authority and duties to retain jurisdiction, in case of a transfer. 28 U.S.C. § 1631. So, it should vacate the Magistrate Judge's report and recommendation so the transferee court can exercise its inherent authority without influence from this court.

   a. McPherson v. Kutz, No. 0:15-CV-1859-RMG, 2015 WL 4391081 * 3 (D.S.C. July 15, 2015) ("[s]tate officials are not immune from liability for ministerial acts performed contrary to their duties...."[S]overeign immunity does not shield a public employee or official from liability for ministerial acts performed contrary to the laws regulating his powers and duties or for discretionary acts performed maliciously, corruptly or in bad faith.") (internal citations omitted).

   b. Unlike in McPherson, 2015 WL 4391081 * 3, where bad faith was not pleaded, here, Plaintiff Patel pleads common law bad faith on each actor. 5 U.S.C. § 3331.

    c. Federal common law, South Carolina law, and Indiana law impose bad faith whenever there is the absence of good faith.

    d. The "grading" rubric for pro se complaint says that the complaint here is sufficient. Erickson, 551 U.S. at 90 (internal citations omitted). Cf. Dkt. 10.

14. Legal science has proven that keeping Patel in abnormal will unduly prejudice Patel's right to sue and defend his own property interests. 42 U.S.C. § 1982. Therefore, the necessary proposed clerk's order shall issue.

15. If the court is at risk for nonenforcement, then it should upload it to PACER or send a private order to T.E.,E. Patel and leave it up to the system. Federalist 78.

16. The court should do what is at the meeting of the minds and leisurely issue mandamus or remedy under Biven, with every tool available to the judiciary, by the end of November 2023. 28 U.S.C. § 1746 (Patel knows this tool exists per the complaint).

**THEREFORE**, Patel moves that the court allow this emergency complaint, grant Dkts. 3 (via court-designated e-mail, i.e. jury@scd.uscourts.gov) & 4, and resolve as soon as possible but before the end of November.

    Respectfully submitted,

    /s/ Raj K. Patel
    Rama CCCX
    T.E., T.E. Raj K. Patel, AA, BA (*pro se*)
    6850 East 21st Street
    Indianapolis, IN 46219
    Marion County
    317-450-6651 (cell)

rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

Political Science and Religion (cum laude), Emory University Class of 2014

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Plaintiff's objections on 11/11/2023 to below individuals via Clerk of Court after approval of IFP:

US Attorney General
Merrick Garland
950 Pennsylvania Avenue NW
Washington, DC 20530
merrick.garland@usdoj.gov

US Attorney for the D.S.C.
Adair Ford Boroughs
Wells Fargo Building
1441 Main Street Suite 500
Columbia, SC 29201
USASC.WebContact@usdoj.gov

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Mr. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

Political Science and Religion (cum laude), Emory University Class of 2014