## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities, | EMERGENCY |
| *Plaintiff* | No. 2:23-cv-05324-DCN-MGB |
| v. | Dated: November 29, 2023 |
| HARRIS et al., | |
| *Defendants* | |

### PLAINTIFF'S MOTION TO RECONSIDER DKT. 12 AS AMENDED OBJECTIONS
### TO THE MAGISTRATE JUDGE BAKER'S REPORT AND RECOMMENDATIONS

*Pro Se* Plaintiff T.E.,E. Mr. Raj K. Patel submits the following recommendations to the affirmation of Magistrate Judge's report and recommendations at Dkt. 12, Erickson v. Pardus, 551 U.S. 89, 90 (2007):

1. The complaint should have read "Emergency."

2. Patel did not agree to a magistrate judge's review. U.S. const. amend. V.

3. Patel requested motion to file electronically via ECF or e-mail address to the clerk's office. Since *IFP* was approved by the Magistrate Judge at Dkt. 9, then the court should still grant filing electronic privileges per Dkt. 3 as a matter of due process to allow subsequent filings such as recommendations and potential court-advised objections to the Magistrate Judge. Dkts. 9 at 1 & 10 at 9. Sullivan v. Tagliabue, 785 F. Supp. 1076, 1080 (D.R.I. 1992) ("A basic premise of this exception is that the right to petition government, local or national, is a right which cannot be

abridged by local governments.") (see United Mine Workers v. Ill. St. B. Ass'n, 389 U.S. 217, 222 (1967)).

4. Likewise, the Magistrate Judge to aid the order granting *IFP*, should have granted the ECF free-look privilege at Dkt. 4, so Patel saves PACER expenses. Dkt. 9 at 1. Furthermore, the court should grant Patel's new request to keep his PACER accounts open so prejudice can be prevented.

5. The Magistrate Judge is wrong about dismissing the case subject to venue. Dkt. 10 at 4. Venue rules are specific for defendant and relate to personal jurisdiction. All named defendants are subject to this federal court's general personal jurisdiction. Yearsley v. Ross Constr. Co., 309 U.S. 18 (1940) ("The action of the agent is 'the act of the government.'"). Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006) ("the government 'can act only through its officers and agents, and they must act within the States,'" which is the forum). Bosaw v. Natl. Treasury Employees' Union, 887 F. Supp. 1199 (S.D.I.N. 1995) ("It is fundamental that the United States can only act through its agents."). U.S. ex Rel. Fallon v. Accudyne Corp., 921 F. Supp. 611, 622 (W.D. Wis. 1995) ("The United States, like a corporation, must act through its agents."). U.S. ex Rel. Hall v. Tribal Dev. Corp., 49 F.3d 1208, 1213 (7th Cir. 1994) ("The United States, like a corporation, must act through its agents."). The Supreme Court has noted that federal courts are not courts of limited territorial jurisdiction. 28 U.S.C. § 1346. All named Defendants are national officers of the United States. Id. Venue is proper here because Defendant Haley was Governor of this state. Id.

a. The venue is not defective here.  Dkt. 10 at 5.

b. Therefore, the court should allow proceedings to continue here.

6. In addition, plaintiff may avail himself to this federal court from anywhere around the world; the plaintiff's right to sue competes against the Defendants' right not to sue.  U.S. const. art. IV, § 2.

   a. If the United States Government was not a Defendant, then there would diversity subject-matter jurisdiction.  See also Id., amend. XIV, § 1, cl. 2.  Cf. Dkt. 10 at. 5.  Yearsley, 309 U.S. at 18.

   b. If the court finds that FTCA is present, then the injury is not of the type that transfer to S.D.I.N., which has a filing bar, is necessary.  In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_) (two-year filing bar; set to expire in March 2024).  Patel's due process rights to use this court's venue should prevail.  U.S. const. amend. V.

7. Because IFP is granted and the named Defendants are United States Governmental Officials (incumbent and otherwise), the clerk of court is responsible for issuing and serving summons, after stamping them, even if the Fed. R. Civ. P. state otherwise for a non-pro se plaintiff.  U.S. ex Rel. Fallon, 921 F. Supp. at 622.  Nevertheless, Patel submitted summons waiting to be stamped and complaint not only to the clerk but also to Ms. Boroughs and Mr. Garland.  This was done with electronic service too.

8. Patel is rational as exclaimed by the State of Mississippi Hinds County Circuit Court in No. 23-279 awarding Patel $4.6B in damages, which makes Patel at a newer,

higher level in the Top 1%. Compl. & Dkt. 10 at 6. Loans may be taken off of this amount of default judgement, and the current peril is preventing Patel from doing as reason requires and preventing the flow of commerce. 42 U.S.C. § 1982. Therefore, the Magistrate Judge's report and recommendation so be vacated and the Magistrate Judge should have reported and recommended urgent resolution. See Compl. at 4 (citing U.S. const. art. VI, § 1 (referring to Paris Peace Treaty — Cong. Proclamation of Jan. 14, 1784)).

9. While the complaint is cringeworthy, it is not a novel or irregular matter for the court to entertain and liberate. United States v. Schurz, 102 U.S. 378 (1880). The court is asked to use its judicial and ministerial power explained by Chief Justice Marshall in Marbury v. Madison, 5 U.S. 137, 146 (1803) ("In this respect there is no difference between a judicial and a ministerial officer. From this principle alone the court of king's bench in England derives the power of issuing the writs of mandamus and prohibition."). Id. at 147 ("a command issuing in the king's name from the court of king's bench, and directed to any person, corporation or inferior court, requiring them to do some particular thing therein specified, which appertains to their office and duty, and which the court has previously determined, or at least supposes, to be consonant to right and justice."). The powers and duties of The King, politicians, and knights who all carried swords has not evaporated. Comm. on Judiciary v. McGahn, 415 F. Supp. 3d 148, 212 (D.D.C. 2019) (Brown Jackson, J., op.) ("Indeed, the entire point of segregating the powers of a monarch into the three different branches of government was to give each

branch certain authority that the others did not possess. Thus, while the branches might well be conceived of as co-equals (in the sense that one cannot unlawfully subvert the prerogatives of another), that does not mean that all three branches must be deemed to have the same powers."). The Constitution requires that ministerial duties must be performed by the State or the Government, under its construct of government for and by the people. Asante v. Cal. Dep't of Health Care Servs., 2016 WL 1427495 * 3-5 (N.D. Cal. Apr. 12, 2016) ("Mandamus is the proper remedy only where the act or duty is purely ministerial, and the act or duty is one that is clearly and plainly established or imposed by law. *A ministerial duty is one that is required to be performed in a prescribed manner under the mandate of legal authority without the exercise of discretion or judgment…Issuance of a writ of mandate* "'is not necessarily a matter of right, but lies rather in the discretion of the court, but where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, [the petitioner] is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would). Police officers regularly perform these duties, as do judges who are bound by oath, 28 U.S.C. § 453, to impartially administer justice without respects to person, like their peers in the other branches. Hastings v. Judicial Conf. of United States, 593 F. Supp. 1371, 1379 (D.D.C. 1984) (Framers bifurcated the ministerial powers into the interdependent powers of three separate branches of government). Comm. on Judiciary, 415 F. Supp. 3d at 173, 177, & 186 (D.D.C. 2019) (Brown Jackson, J.,

op.) (citing <u>Youngstown Sheet & Tube Co. v. Sawyer</u>, 343 U.S. 579, 635 (1952) (Jackson, J., concurring) ("While the Constitution diffuses power to better secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government. It enjoins upon its branches separateness but interdependence, autonomy but reciprocity."). This federal court has no reason to turn down any of its services in the interest of purportedly ideal categorization of cases and district sharing. <u>Id.</u> The security levels show that no ministerial actor or contracted-for act will suffer in aid of Plaintiff Patel. <u>Id.</u> The Constitution cannot wait and neither can Plaintiff Patel; Plaintiff T.E.,E. Patel does not need to play a game or learn trust or submit to nomenclature of an inferior titled person. <u>Marbury</u>, 5 U.S. at 163. <u>Williams v. Fulton Cnty. Sch. Dist.</u>, 181 F. Supp. 3d 1089, 1142-43 (N.D. Ga. 2016). The standing executive enforcement agreements are also mandatory for the named Defendants. Compl. at 10 n. 2. Overall, ministerial duties are analogous to the creation of duties for strict liability and negligence. <u>See also</u> U.S. const. amend. IX (rich (Indian-)Americans and the titled are free from color, race, and communal adversity). <u>Matter of Carnegie Trust Co.</u>, 206 N.Y. 390 (N.Y. 1912). The complaint with referenced previous-case citations is sufficient.

10. All named United States Defendants, who are leaders of their courts and courtiers, 28 U.S.C. § 1651, had a ministerial duty akin to the judge at a bench trial to use the powers given to them against the inherently lawless perpetually present in society. <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976) ("Federal courts have a 'virtually unflagging obligation...to exercise the

jurisdiction given them.'"). <u>Marbury</u>, 5 U.S. at 146. <u>Talbot v. Jansen</u>, 3 U.S. 133, 139, 160 & 162 (1795).

11. This court should not dismiss the matter because the complaint is well-pleaded and sufficient, and the magistrate judge's concerns are prejudicial and insufficient. <u>Redmond v. Lexington Cnty. Sch. Dist. No. Four</u>, 445 S.E.2d 441, 445 (S.C. 1994) ("To obtain a writ of mandamus requiring the performance of an act, the applicant must show 1) a duty of respondent to perform the act, 2) the ministerial nature of the act, 3) the applicant's specific legal right for which discharge of the duty is necessary, and 4) a lack of any other legal remedy."). This matter before the public federal dockets has unequivocally gone on since 2018; Patel is constitutionally allowed to ask for the Protection of the State of South Carolina and even its federal courts. Int'l Covenant of Civ. & Political Rts. (enforced by U.S. const. amend. XIV, § 5) (see <u>Asakura v. Seattle</u>, 265 U.S. 332, 341-2 (1924)). <u>See e.g.</u>, <u>Corfield v. Coryell</u> (6 Fed. Cas. 546, no. 3,230 C.C.E.D.Pa. 1823) ("Protection of the government").[1] U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2. <u>See also</u>

---

1. If Magistrate Judge Baker's advised report and recommendation was to become the decision of the court, then the court's opinion would hold that the executive power of the United States does not have the ability to protect any individual, including in its districts, territories, and possession, because it does not pertain to all of society. Therefore, Magistrate Judge Baker's logic states that Federal law and executive power governing first degree murder is unconstitutional. Magistrate Judge Baker's logic would also state that international enforcement/executive agreements signed by the President, ascended, presidential promises (<u>Marbury</u>, 5 U.S. at 163 and <u>Poindexter</u>, 114 at 290), and treaties may also not protect an individual if it does not affect the whole. So, Magistrate Judge Baker is asking Patel to wait until everyone else has gone through stress/deprivation of one's own life, liberties, and happiness. But, then Magistrate Judge Baker is likely to call the complaint moot because everyone has been equalized (but for the sake of equity). Compl. n. 2. <u>Asakura v. Seattle</u>, 265 U.S. 332, 341 (1924) ("The treaty-making power of the United States is not limited by any express provision of the Constitution, and, though it does not extend "so far as to authorize what the Constitution forbids," it does extend to all proper subjects of negotiation between our government and other nations....The treaty is binding within the State of Washington...The rule of equality established by it cannot be rendered nugatory in any part of the United States by municipal ordinances or state laws. It stands on the same footing of supremacy as do the provisions of the Constitution and

https://constitution.congress.gov/browse/essay/amdt14-S1-7-1-3/ALDE_00013034/ ("Nevertheless, as noted, the Court has confirmed that several traditional bases for exercising judicial power over a nonresident defendant continue to enjoy a presumption of constitutionality without requiring an independent inquiry into the contacts among the defendant, the forum, and the litigation."). Marbury, 5 U.S. at 163.

12. Patel also premises his complaint on a Bounty Clause contract. U.S. const. amend. XIV, § 4. The court must follow its oath and exercise judicial restraint.

    a. Parties may enforce contracts, *res*, in this venue. 42 U.S.C. § 1981.

    b. Patel has Bounty Clause contract partners and any major transaction, like the Default Judgement, is subject to distribution to each of his 4 partners: one partner is 1/3 partner and the other three (3) have $40-67M each.

13. The court has the inherent authority and duties to retain jurisdiction, in case of a transfer. 28 U.S.C. § 1631. So, it should vacate the Magistrate Judge's report and recommendation so the transferee court can exercise its inherent authority without influence from this court.

---

laws of the United States. It operates of itself without the aid of any legislation, state or national; and it will be applied and given authoritative effect by the courts."). Int'l Covenant of Civ. & Political Rts. (enforced by U.S. const. amend. XIV, § 5) (see Asakura, 265 U.S. at 342). Charlton v. Kelly, 229 U.S. 447, 468 (1913) (treaties warrant distinction as to nationality) (especially as applied to the state, establishment, and other elites). U.S. const. amend. IX. Talbot v. Janson, 3 U.S. 133, 162 (1795) (dictate to prevent chaos). In re Cheen Heong, 21 F. 791, 798 (9th Cir. 1884) (express terms of a treaty may constitutionally protect one class over another, but not repugnant to Ordered Liberty). Asakura, 265 U.S. at 341 ("A treaty made under the authority of the United States 'shall be the supreme law of the land; and the judges in every State shall be bound thereby, any thing in the constitution or laws of any State to the contrary notwithstanding.'" Constitution, Art. VI, § 2.).

a. <u>McPherson v. Kutz</u>, No. 0:15-CV-1859-RMG, 2015 WL 4391081 * 3 (D.S.C. July 15, 2015) ("[s]tate officials are not immune from liability for ministerial acts performed contrary to their duties...."[S]overeign immunity does not shield a public employee or official from liability for ministerial acts performed contrary to the laws regulating his powers and duties or for discretionary acts performed maliciously, corruptly or in bad faith.") (internal citations omitted).

b. Unlike in <u>McPherson</u>, 2015 WL 4391081 * 3, where bad faith was not pleaded, here, Plaintiff Patel pleads common law bad faith on each actor. 5 U.S.C. § 3331.

c. Federal common law, South Carolina law, and Indiana law impose bad faith whenever there is the absence of good faith.

d. The "grading" rubric for pro se complaint says that the complaint here is sufficient. <u>Erickson</u>, 551 U.S. at 90 (internal citations omitted). <u>Cf.</u> Dkt. 10.

14. Most importantly, this independent judiciary, should not make arguments in favor of the Defendant-government and its actors, pursuant to its constitutional duties, norms, oath, and judicial canons of conduct. Dkt. 10 at 7.

a. On the one hand, Patel, in his complaint, argued that the Defendants have not duly performed their regular duties to protect or heal Patel (who is also T.E.,E. Mr. Patel) after his particularized injuries.[2] <u>Pearce v. Tucker</u>, 299

---

[2] <u>See</u> Henry P. Monaghan, *The Protective Power of the Presidency*, 93 COLUM. L. REV. 1, 61-63 (1993) (asserting that the Court has recognized, in decisions like *Neagle*, "an executive power to preserve, protect, and

Ga. 224 (Ga. 2016) (citing see, e.g., Murphy v. Bajjani, 282 Ga. 197, 202, 647 S.E.2d 54 (2007) ("[T]he provision of medical care [to an inmate by the sheriff] is a ministerial act because the duty [to provide medical care] is imposed by statute")). Patel bases his decision on the constitutional and statutory duties of the Defendants' regular roles, such that the Vice President has the duty to enforce the constitution by oath and by 42 U.S.C. §§ 1981, 1982, and 2000bb-3(a) which is enforced by Section 5 of the 14th Amendment of the United States Constitution; and ambassadors Thomas-Greenfield and Haley duties by the titles, like the Vice President, and the vested executive powers that it derives from the Chief of State. See generally, Youngstown Sheet & Tube Co., 343 U.S. at 635. The Vice President and the ambassadors have a duty to enforce the treaties that come into play, which may also be enforced and enacted under Section 5 of the 14th Amendment the United States Constitution. Compare Compl. (Int'l Covenant of Civ. & Political Rts. (enforced by U.S. const. amend. XIV, § 5) (see Asakura, 265 U.S. at 341-2)) with Dkt. 10 at 7 (citing Int'l Covenant of Civ. & Pol. Rts.). Politics and the government is about wealth creation, and these acts creating ministerial duties secure the Safety and Happiness that comes along with it. Patel also plainly states that the Defendants failed to issue executive orders, which may be issued by the President, the

---

defend the personnel, property, and instrumentalities of the national government") (T.E.,E. Patel is a personnel and instrumentality of the national government.). Federalist No. 42 & 80.

named defendants, or any executive officer of the United States, because he reasonably assumed that judicial orders and executive orders are nomenclature of the branch that orders them. Marbury, 5 U.S. at 146 (ministers are legislative, executive, and judicial like the sovereign entity Parliament of the Westminster system rather than like The King's Church of England). Cf. Dkt. 10 at 7 n. 4.

b. On the other hand, Magistrate Judge Baker *sua sponte* began discussing the bureaucratic intent of executive orders and stated that they can only be issued by the President, even though President Trump's salient prosecution has been done by executive orders of the same Attorney General. Id. Doctrine of Comity, U.S. const. art. IV, § 2 (see e.g., Barnard v. Turner Cnty., 306 Ga. App. 235, 238 (Ga. Ct. App. 2010); Hill v. Jackson, 336 Ga. App. 679, 684 (Ga. Ct. App. 2016); City of Atlanta v. Mitcham, 325 Ga. App. 481, 600 & 603 (Ga. Ct. App. 2014) ("A governmental function has been characterized as one which involves "the exercise of deliberate judgment and wide discretion." "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty."); and Murphy v. Bajjani, 282 Ga. 197, 197 (Ga. 2007)). Magistrate Judge Baker should have stated that the named Defendants should have caused enforcement to set a diplomatic example to aid national building and couniting trading with the United States' partners and impress the General

Assembly of the United Nations. _Asakura_, 265 U.S. at 342. _Liles_, 638 F.

Supp. at 965. _Pennsylvania_, 350 U.S. at 517 (_infra_, completion power

needed). Rather, Magistrate Judge Baker sua sponte stated that the

complaint lacks any basis in law and cannot find a social constitutional

claim of breach of duty in the complaint. Dkt. 10 at 7.

    i. First, the constitution is a social document and interested in the

       preserving the natural social hierarchy only. H. Res. 417 (113th

       Cong.) (prior leaders, the Framers, and amenders saw slavery and

       involuntary servitude of royals as unnatural and therefore it never

       happened; due compensation was ordered each time a mistake

       was found). _Prout v. Starr_, 188 U.S. 537, 537 (1903) ("The

       Constitution of the United States, with the several amendments

       thereof, must be regarded as one instrument, all of whose

       provisions are to be deemed of equal validity."). _Pennsylvania v._

       _Nelson_, 350 U.S. 497, 517 (1956) (national and local interests

       include showing that there is "dominant interest" is to ensure there

       is no sedition).

    ii. Second, negligence always arises when a social hierarchy is

       violated, including what the honorable named defendants owe the

       excellent plaintiff, and when the sovereignty of the United States is

       violated. U.S. const. pmbl., art. VI, § 1 (i.e. referring to the Decl. of

       Indep. (1776)), amends. IX & XIV, § 1, cl. 2. _Corfield_, 6 F. Cas. at 551

(C.C.E.D. Pa. 1823) ("Protection of the Government."). That is, everyone enjoys a certain level of protection from the United States, but certain protected groups and individuals enjoy an added level of Protection and every person can grieve for a remedy, such as via a Fed. R. Civ. P. 3 civil action. See e.g., Rubin v. United States, 525 U.S. 990, 990-91 (U.S. 1998) (Breyer, J., dissenting from denial of cert.) ("The physical security of [an honorable or an excellent] has a special legal role to play in our constitutional system."). Id. at 995 (but for privileges, there would be a loss of trust in enforcement). Inst. v. U.S. Dep't of Comm., 513 F. Supp. 3d 116, 123 (D.D.C. 2021) ("The privilege is "fundamental to the operation" of the federal government as it permits the "effective discharge of a President's powers."). Liles v. United States, 638 F. Supp. 963, 965 (D.D.C. 1986) ("[a]s a Museum Protection Officer, [who derives executive power from the United States President] one of [his] responsibilities [was) to enforce law and order and to convey an image of trust and safety."). Corfield v. Coryell, 6 F. Cas. 546, 551 (C.C.E.D. Pa. 1823) ("Protection of the Government."). Asante, 2016 WL 1427495 * 3-5 (N.D. Cal. Apr. 12, 2016). Velasquez v. Frapwell, 994 F. Supp. 993, 1001-02 (S.D.I.N. 1998) (citing Lichter v. United States, 334 U.S. 742, 779 (1948) ("In peace or in war, it is essential that the Constitution be scrupulously obeyed, and

particularly that the respective branches of the Government keep within the powers assigned to each by the Constitution."). Here, the powers in civil society, even if civil society is a oppressive, are organized, and this court has sufficient competent jurisdiction to issue a remedy.

c. Nevertheless, politicians can be "superfluous" but not titular unlike the business corporations counter parts; titles themselves create duties; named Defendant-Harris is a part of two (2) branches of government, the legislative (Senate) and the executive (President). See e.g., U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 840 (1995) (explained James Madison, the Father of the Constitution). Marbury, 5 U.S. at 147. Cf. Andrews v. Westaway, 122 A. 729, 729 (N.J. 1923) (as applicable to Oath of Office). Future Forest, LLC v. Sec'y of Agric., 849 Fed.Appx. 922, 926 (Fed. Cir. Apr. 15, 2021) ("The duty of good faith and fair dealing is inherent in every contract."). City of Atlanta, 325 Ga. App. at 600 & 603. Atlanta v. Mitcham, 325 Ga. App. 481, 751 S.E.2d 598, 600 & 603 (Ga. Ct. App. 2014), overruled by, 296 Ga. 576, 578-9, 769 S.E.2d 320, 323-4 (Ga. 2015) (municipal corporations owe ministerial duties) (A governmental function has been characterized as one which involves "the exercise of deliberate judgment and wide discretion." "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty."). McGarry

v. United States, 549 F.2d 587, 591 (9th Cir. 1977) ("Driscoll v. United States, 525 F.2d 136, 138 (9th Cir. 1975) (this court recognized that "the discretionary function exception is limited to decisions made at the planning rather than the operational level."). United States v. Schurz, 102 U.S. 378 (1880) (need of judgement and discretion does not exonerate a ministerial duty is not owed). Jefferson v. United States, 459 F. Supp. 2d 685, 691 (N.D. Ill. 2006) (Deprived from a "person'[s] status," "Delegation of that authority and responsibility does not relieve the delegator from liability."). Hill, 336 Ga. App. at 684 (citing Grammens, 287 Ga. at 620-21) ("a supervisor's directive") (the Constitution is the King). U.S. ex Rel. Hall, 49 F.3d at 1213 and U.S. ex Rel. Fallon, 921 F. Supp. at 622.

d. The claims are clear. Compl. Magistrate Judge Baker is misguided by using the sufficiency and level of burden of proof (reasonableness and preponderance of evidence; assuming everything is true in Plaintiff's favor) between private citizens rather than between a private official and the government or between two intra-United States agencies. Dkt. 10 at 6. See e.g., U.S. Dep't of Justice v. Reporters Comm., 489 U.S. 749 (1989) and U.S. Dep't of Def. v. Fed. Labor Relations Authority, 510 U.S. 487 (1994).

e. The complaint is sufficient and the claims reasonable rather than frivolous or delusional.

   i. Again, for claims against the government, Magistrate Judge Baker should not have sua sponte raised an argument that could be in the

government's favor in order to preserve the federal judiciary's independency and neutrality. Comm. on Judiciary v. McGahn, 415 F. Supp. 3d at 212 & 28 U.S.C. § 516. The adversary system is neutral. In fact, the named Defendants might interpret the claims differently under and mixed with their oaths and constitutional, statutory, or treaty duties,[3] such as the superior United States Religious Freedom Restoration Act and honest services fraud. See e.g., 42 U.S.C. §§ 2000bb-1 & -3(a) (enforcing U.S. const. amend. XIV, § 1) (enforced by U.S. const. amend. XIV, § 5) and 18 U.S.C. § 1346. Comm. on Judiciary, 415 F. Supp. 3d at 173, 177, 186, & 212 (Brown Jackson, J., op.) (citing Youngstown Sheet & Tube Co., 343 U.S. at 635 (Jackson, J., concurring)).

ii. The judges owe constituents duties and are there to see if The Sovereign's delegates, the ministers, have violated, negligent, or allowed (strict liability) a duty or owes a duty that has not been done. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 396 (1971) ("federal courts may use any

---

3. https://www.law.cornell.edu/constitution-conan/article-2/section-3/take-care-clause-overview (citing Marbury, 5 U.S. at 165-66) (And in Marbury v. Madison, Chief Justice Marshall traced a parallel distinction between the duties of the Secretary of State under the original act which had created a "Department of Foreign Affairs" and those which had been added by the later act changing the designation of the department to its present one. The former were, he pointed out, entirely in the "political field," and hence for their discharge the Secretary was left responsible absolutely to the President. The latter, on the other hand, were exclusively of statutory origin and sprang from the powers of Congress. For these, therefore, the Secretary was "an officer of the law" and "amenable to the law for his conduct."). In re Neagle, 135 U.S. 1, 63-64 (1890). Cannon v. United States, 84 F. Supp. 820, 822 (N.D. Cal. 1949) ("There is no question but that the Government of the United States acts only through its agents with power delegated and defined by statute or regulation, which all who deal with such persons are presumed to know.").

available remedy to make good the wrong done"). <u>Comm. on Judiciary,</u> 415 F. Supp. 3d at 212. <u>Id.,</u> at 173, 177, & 186 (Brown Jackson, J., op.) (citing <u>Youngstown Sheet & Tube Co.,</u> 343 U.S. at 635 (Jackson, J., concurring)). <u>Marbury,</u> 5 U.S. at 147 & 163. <u>Corfield,</u> 6 F. Cas. at 551 ("Protection of the Government.").

iii. This court can even issue judicial order to the President if he was named, and the named Defendants are properly named and orders may issue to them even if the regular functions of the name Defendant's titles, chair, and office are done with a subordinate officer in a large bureaucracy. <u>Compare</u> <u>Marbury,</u> 5 U.S. at 147 & 163 <u>with</u> Dkt. 10 at 7 n. 4. <u>Corfield,</u> 6 F. Cas. at 551 ("Protection of the Government."). <u>See</u> <u>e.g.,</u> <u>Republican Party of Minn. v. White,</u> 536 U.S. 765 (2002). U.S. const. art. IV, § 1.

iv. Executive power cannot be created but it comes from the President, and where it is not duly delegated, either by order, rule, regulation, or statute, it remains with the President. <u>See</u> <u>Cunningham v. Neagle,</u> 135 U.S. 1, 67-68 (1890) (recognizing the President's inherent authority to provide a bodyguard to protect a federal judge despite the lack of any explicit statutory authority). Chief Justice Vision would say that the executive not only follows the law but also carries it out. <u>Poindexter v. Greenhow,</u> 114 U.S. 270 (1885) (president's inherent promise making powers;

completion powers).  Jack Goldsmith and John F. Manning, *The President's Completion Power*, 115 The Yale L.J. 2280, 2303-2308 (2006)  (https://www.yalelawjournal.org/pdf/120_3fq3uj46.pdf). Id. at 2309 n. 124 (citing Kendall v. United States, 37 U.S. (12 Pet.) 524, 613 (1838) (No law can stop the execution of executive power.)).  Future Forest, LLC, 849 F. App'x at 926 (courts should look out for "the old bait-and-switch" tricks when grading ministerial duties).  Take Care Cl., https://constitution.congress.gov/browse/essay/artII-S3-3-1/ALDE_00001160/ ("he shall take Care that the Laws be faithfully executed").[4] See generally Jack Goldsmith & John F. Manning, *The Protean Take Care Clause*, 164 U. Pa. L. Rev. 1835, 1835-67 (2016) (https://scholarship.law.upenn.edu/cgi/viewcontent.cgi?article=9553&context=penn_law_review#:~:text=19%20Similarly%2C%20the%20Court%20has,necessary%20to%20execute%20a%20statute). Compare Marbury, 5 U.S. at 165-66 (what might be discretionary for the president is not discretionary for another executive officer, such as named Defendants) with Chambers v. United States, 196

---

4. "The Constitution provides that the President shall take Care that the Laws be faithfully executed…This duty potentially implicates at least five categories of executive power, including: (1) powers the Constitution confers directly upon the President by the opening and succeeding clauses of Article II; (2) powers that congressional acts directly confer upon the President; (3) powers that congressional acts confer upon heads of departments and other executive agencies of the federal government; (4) power that stems implicitly from the duty to enforce the criminal statutes of the United States; and (5) power to carry out the so-called *ministerial duties*, regarding which an executive officer can exercise limited discretion as to the occasion or manner of their discharge." https://constitution.congress.gov/browse/essay/artII-S3-3-1/ALDE_00001160/ (italics and emphasis added).

Ct. Cl. 186, 230, 451 F.2d 1045, 1096 (Fed. Cir. 1971) (complaint is unwarranted when asks for specific performance of remedy for constitutional absolute discretionary powers of the President, such as making an appointment).  42 U.S.C. § 2000bb-3(a).

f.  Magistrate Judge Baker's report and recommendations are repugnant to Thomas Paine's *Common Sense*: "[I]n America[,] the law is King!"  U.S. const. art. IV, § 1.  That is elected and appointed officials and even the private citizens are nothing but subjects surrendering their own free will to the same King, the Constitution![5] *Supra,* n. 3 (citing Cannon, 84 F. Supp. at 822).

    i.  Eastern Western Lbr. Co. v. Patterson, 124 Or. 112 (Or. 1928) ("It is our theory of government that sovereignty resides in the people; that all governmental power flows from them; and that all officials are but the agents of the people, from whom all authority issues.").

    ii.  Skiff v. S. Burlington Sch. Dist., 2018 Vt. 117 (Vt. 2018) ("The power of the people is delegated to government officials, who are "at all times, in a legal way, accountable to them.").

    iii.  United States v. Taystee Baking Co., 55 F. Supp. 490, 493 (N.D. Tex. 1944) ("There is no doubt a feeling widely indulged among our

---

5. John Kerkhoff, "In America, the law is king, not unelected bureaucrats," Pac. Legal Found., https://pacificlegal.org/in-america-the-law-is-king-not-unelected-bureaucrats#:~:text=Thomas%20Paine%20had%20an%20answer,are%20their%20representatives%20and%20agents, Dec. 14, 2022.

people that our government desires nothing unfair against one of its citizens, and that when it comes into court that fact alone should carry great weight. However, the government can only act through its agents, and those agents are but human.").

iv. Blackmer v. Vinson, Civil No. 10-cv-014-SM (D.N.H. Oct. 20, 2010) ("All power residing originally in, and being derived from, the people, all the magistrates and officers of government are their substitutes and agents, and at all times accountable to them. Government, therefore, should be open, accessible, accountable and responsive.").

v. Belhas v. Ya'alon, 515 F.3d 1279, 1286 (D.C. Cir. 2008) ("the corporation and the state have at all times been entities wholly separate and distinguishable from each other and able to act without the presence or even existence of the other. This does not define the relationship between the state and its officials. *While it is true, indeed obvious, that the official has an existence independent of the state, the state does not act independently of its agents. Every act committed by a sovereign government is carried out by its officials and agents.*") (italics added).

vi. United States v. Nordean, CRIMINAL ACTION 21-175 (TJK) (D.D.C. Dec. 11, 2022) ("That all said, Nordean is right that it is impossible to use force against "the authority of government" or "the

execution of the laws" in a metaphysical sense. The United States Government can act only through its agents.").

vii. <u>In re Terrorist,</u> 538 F.3d 71 (2d Cir. 2008) ("This is so because "the acts of the official representatives of the state are those of the state itself, when exercised within the scope of their delegated powers.").

viii. <u>Liles,</u> 638 F. Supp. at 965 ("[a]s a Museum Protection Officer, one of [his] responsibilities [was] to enforce law and order and to convey an image of trust and safety. Actions such as [the described molestation incident] betray[ed] this image and [could not] be tolerated. In addition [his] actions [were] prejudicial to the image and reputation of the Smithsonian and the U.S. Government").

ix. <u>Inst.,</u> 513 F. Supp. 3d at 123.

x. <u>Neary v. Weichert,</u> 489 F. Supp. 3d 55 (E.D.N.Y. 2020) (internal citations omitted) (absolute sovereign immunity does not discharge ministerial duty) (privilege is not absolute). <u>Id.</u> at 63 (Sovereign can do no wrong; Sovereign is the protector of each individual; Sovereign's delegates who are not sovereign can do wrong, and independent judiciary shall find it) ('traceability' is failure to act). U.S. const. amend. I. Here, the Defendants' acts of omissions create the traceability. <u>Am. Historical Ass'n v. Nat'l Archives & Recs. Admin.,</u> 402 F. Supp. 2d 171 (D.D.C. 2005) (citing

Nixon v. Adm'r of Gen. Servs., 433 U.S. 425 (1977). Although the Court in Nixon v. Administrator of General Services held that there is a legal foundation for a former president's claim to executive privilege surviving his tenure in office, the Court also held that the former president's interest in keeping the records private *erodes over time*. Id. at 449, 451, 97 S.Ct. 2777.)) (Italics added). Here, why each Defendant made this choice expires over time. Hallwood Realty Partners, L.P. v. Gotham Partners, 104 F. Supp. 2d 279, 287 (S.D.N.Y. 2000) ("shocks the conscience" and "interferes with the rights 'implicit in the concept of ordered liberty.").

https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf (a persuasive list of figures of authority of Seat officials, except Basis Officials such as TE,E Patel who outrank the President). U.S. const. amend. IX (powers granted to the government should not interfere with the People/Establishment/T.E.-Basis Officers policy choices and competition interests against those in office) (policy is different from politics).

https://constitution.congress.gov/browse/essay/artII-S1-C1-2/ALDE_00013791/ (President of the United States is not an excellent).

xi. <u>West v. Whitehead,</u> Case No. 04-CV-9283 (KMK) (S.D.N.Y. Sep. 10, 2008) (New York State Mental Hygiene Law imposes upon Defendants specific duties to protect individuals like Plaintiff and to report abuse.).

15. Legal science has proven that keeping Patel in abnormal will unduly prejudice Patel's right to sue and defend his own property interests. 42 U.S.C. § 1982. Therefore, the necessary proposed clerk's order shall issue.

16. If the court is at risk for nonenforcement, then it should upload it to PACER or send a private order to T.E.,E. Patel and leave it up to the system. Federalist 78. The nation-built old world(s) should not be used to prevent us from how it really works.

17. The court should do what is at the meeting of the minds and reasonably leisurely issue mandamus or remedy under <u>Bivens</u>, 403 U.S. at 396, with every tool and mode available to the judiciary, by the end of November 2023. 28 U.S.C. § 1746 (Patel knows this tool exists per the complaint).

    a. This own court under its 28 U.S.C. § 453 (enforced by U.S. const. amend. XIV, §§ 1 & 5) may sua sponte administer the remedy in a off-bench grievance, direct the clerk, or form a corporation with executive power to do this because this is a state affair, not national security. B<u>elhas</u>, 515 F.3d at 1286. <u>Poindexter</u>, 114 at 290.

    b. The proposed clerk's order should be issued by the clerk or the judge. <u>Gideon v. Wainwright</u>, 372 U.S. 335, 342-43 (1963). 28 U.S.C. §§ 1361 &

1651 (enforcing U.S. const. amend. XIV, §§ 1 & 5) and 42 U.S.C. § 1981 (enforcing U.S. const. amend. XIV, §§ 1 & 5).

18. Immunity expires at the end of each term. So, this court should allow the complaint against some of the parties to remedy the situation. Yearsley v. Ross Constr. Co., 309 U.S. 18 (1940) ("The action of the agent is 'the act of the government.'"). Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006) ("the government 'can act only through its officers and agents, and they must act within the States,'" which is the forum).

19. Denton's persuasive authority of the nebulous little green men has been clearly opposed by Congress and the C.I.A. this day. Cf. Dkt. 12. https://www.dailymail.co.uk/galleries/article-12800573/CIA-secret-office-conducts-UFO-retrieval-missions.html. https://www.dailymail.co.uk/news/article-12796167/CIA-secret-office-UFO-retrieval-missions-whistleblowers.html. The same is also of foreign governments. https://www.dailymail.co.uk/galleries/article-12799659/Congress-warns-America-little-grasp-CCP-influence-US.html. Sullivan v. Tagliabue, 785 F. Supp. 1076 (D.R.I. 1992) (A basic premise of this exception is that the right to petition government, local or national, is a right which cannot be abridged by local governments.).

   a. Again, things and other facts which are "sufficiently fantastic to defy reality as we know it," has changed since not only Conley but also Iqbal. Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) (citing Conley v. Gibson, 355 U.S. 41

(1957) ("no-set of facts standard"). A complaint simply does not need to brandish the calendar notes let alone the calendar itself; sufficient complaints also do not need to note the patent privileges, numbers, or filings of an alleged technology mode. Morgan v. Cochise Cnty. Bd. of Supervisors, 487 F. Supp. 3d 789, 798 (D. Ariz. 2020). Compare Dkt. 15 with Sears v. Bank of Am., No. 2:15-cv-00753-KJM-AC * 5 (E.D. Cal. Dec. 28, 2015) ("The court assumes these factual allegations are true and draws reasonable inferences from them. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It does not matter how unlikely proof seems, as long as the allegations don't defy "reality as we know it" on the order of alleging the existence of "little green men, or the plaintiff's recent trip to Pluto, or experience in time travel."). Interpreting the original intent of Iqbal, complaints that "sufficiently fantastic to defy reality as we know it by alleging the existence of fairies, or the plaintiff's recent trip to Pluto, or experience in time travel" should be dismissed on their face. Plaintiff does not allege anything close to fairies or their magic, but rather the lawless use of a technology mode. Lane v. United States, 142 F.2d 249, 254 (9th Cir. 1944) ("The government urges that appellant cannot contend that she did not believe her marriage to be invalid, since that is a question of law of which she is charged with knowledge. The ancient maxim, "Ignorance of the law is no excuse," is common parlance among all persons whether or not they are trained in the law."). United States v. Way, No. 1:14-cr-00101-

DAD-BAM-1 (E.D. Cal. Jun. 18, 2018) ("As the government points out, the "traditional rule" in American jurisprudence is that "ignorance of the law is no excuse." Bryan v. United States, 524 U.S. 184, 195 (1998)."). In re Han, 2:11-bk-30025-RK (Bankr. C.D. Cal. Feb. 11, 2013) ("Defendant has suggested that his behavior could not have been fraudulent because he was not aware of the law on overtime and breaks. It is of course well-settled that ignorance of the law is no defense. See Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement (2011) 192 Cal.App.4th 75 ["ignorance of a law is not a defense to a charge of its violation"]. His intent to deceive may be inferred from proof of the surrounding circumstances.""). Elonis v. United States, 575 U.S. 723 (2015) ("This is not to say that a defendant must know that his conduct is illegal before he may be found guilty. The familiar maxim "ignorance of the law is no excuse" typically holds true. Instead, our cases have explained that a defendant generally must "know the facts that make his conduct fit the definition of the offense."").

**THEREFORE**, Patel moves that the court allow this emergency complaint, grant Dkts. 3 (via court-designated e-mail, i.e. jury@scd.uscourts.gov) & 4 so that Patel may file a notice of appeal, direct the clerk to stamp and deliver summons and complaint, and resolve as soon as possible but before the end of December. Sullivan, 785 F. Supp. at 1080 (see United Mine Workers, 389 U.S. at 222).

Harvard lets immigrants in. They do look and sound like immigrants, but maybe they are the counter!

While preempting prejudicial rules and policies, they just have to enter or effectuate entering my name and social security number in a supercomputer.

Nevertheless, this court has its own duties, even to issue a § 1651 writ to the Governor, because *pro se* Plaintiff Patel is a net monetary contributor (he pays his own bill and at least someone else's in taxes so he can have a better life, family socio-economic status) (as a new billionaire Patel will continue), and Federal economic development duties, including through deals, agreements, and treaties made by the Chief of State. Senator Chuck Schemer is likely to speed up the economy because they still have not changed their acts, the "stimulus conspiracy."


Respectfully submitted,


/s/ Raj K. Patel
Rama CCCX
T.E., T.E. Raj K. Patel, AA, BA, JD** (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

Political Science and Religion (cum laude), Emory U. Class of 2014

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing Plaintiff's Amended Objections to the Magistrate Judge's Report and Recommendation on 11/29/2023 to individuals below via Clerk of Court after approval of *IFP*:

US Attorney General
Merrick Garland
950 Pennsylvania Avenue NW
Washington, DC 20530
merrick.garland@usdoj.gov

US Attorney for the D.S.C.
Adair Ford Boroughs
Wells Fargo Building
1441 Main Street Suite 500
Columbia, SC 29201
USASC.WebContact@usdoj.gov

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Mr. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012
Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

**J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

Political Science and Religion (cum laude), Emory University Class of 2014

2023 DEC -5 AM 11: 23 RECEIVED